**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIGUEL ROMAN and KIMBERLY ROSADO, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GVC LTD.,<br><br>Defendant. | Case No. 1:26-cv-03432-JHR-SLC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Kimberly Rosado and Miguel Roman respectfully move, pursuant to Federal Rules of Civil Procedure 15(a)(2) and 21 and Paragraph 8(b) of the Report of Rule 26(f) Conference and Case Management Plan, so ordered on August 17, 2026 (ECF No. 19 at 12 ¶ 8(b)) (the "Scheduling Order"), for leave to file the proposed Second Amended Class Action Complaint (the "SAC").[1] The amendment's principal purpose is to add three former employees, Carmen Lepin, Veronica Cortes Martinez, and John Vidal (the "Proposed Plaintiffs"), as named plaintiffs and proposed class representatives alongside Ms. Rosado while removing Mr. Roman as named plaintiff. The Defendant, the challenged conduct, and the two causes of action are unchanged (*compare* SAC ¶¶ 53–72 with FAC at 6–9 ¶¶ 26–42), and the proposed Class is narrowed rather than expanded (*compare* SAC ¶ 48 *with* FAC at 4 ¶ 21).

The reason for the amendment is straightforward. Defendant GVC Ltd. ended the employment of approximately 187 School Age division employees effective June 27, 2025. ECF

[1] The SAC is filed as Exhibit A to the accompanying Motion for Leave to File Second Amended Class Action Complaint ("Mot."), and a redline comparing the SAC to the operative First Amended Class Action Complaint (ECF No. 7) (the "FAC") is filed as Exhibit B.

No. 9 at 2 ¶ 3. Some of those employees later accepted positions with a different company, Pride Transportation Services, Inc. ("Pride"); others declined. SAC ¶¶ 15, 41, 44, 47; *see* ECF No. 9 at 9, 13 ¶¶ 29, 46 (all 187 affected employees were offered Pride positions, and 167 accepted). Whether Defendant's termination, followed by an offer from Pride, constitutes an "employment loss" is a question common to the Class, SAC ¶ 50(b), and Defendant has made the Pride offers the centerpiece of its defense, contending that the current named Plaintiffs, having accepted Pride positions, suffered no employment loss and are neither typical nor adequate class representatives, ECF No. 9 at 7, 13–14 ¶¶ 22(c)–(d), 46, 48–49; ECF No. 19 at 4. Adding three named plaintiffs who declined Pride's offer ensures that the Class is represented by plaintiffs on both sides of that question, and that the case can proceed to class certification without a dispute over whether a single representative who accepted Pride's offer is typical of Class members who did not.

Leave to file the proposed amended Complaint should be granted. The motion is filed within the time the Scheduling Order allows, so Rule 15(a)'s liberal standard governs. Every factor under *Foman v. Davis*, 371 U.S. 178, 182 (1962), favors amendment: Plaintiffs moved promptly; adding representatives to address a potential typicality objection is a legitimate purpose, not bad faith; the case is at an early stage, class certification has not been briefed, and Defendant will need, at most, limited discovery from the Proposed Plaintiffs; and the SAC pleads the same WARN Act and New York WARN Act claims Defendant already faces, *compare* SAC ¶¶ 53–72, *with* FAC at 6–9 ¶¶ 26–42. Denying leave would serve no purpose. The Proposed Plaintiffs are putative Class members whose claims have been tolled since this action was filed, and they would remain free to pursue those claims through intervention or in a separate action.

## BACKGROUND

### A. The June 2025 Closure and This Action

Defendant operates a school bus transportation facility at 1392 Commerce Avenue in the Bronx (the "Facility"). SAC ¶ 2; ECF No. 9 at 2, 4 ¶¶ 2, 12 (admitting that Defendant operated a facility in the Bronx and that its principal place of business is 1392 Commerce Avenue). On June 26, 2025, Defendant called employees of its School Age transportation division into same-day meetings and told them their employment was ending. SAC ¶ 21; *see* ECF No. 9 at 5 ¶ 16 (admitting that on June 26, 2025, Defendant informed School Age division employees that they would be separated). Defendant separated approximately 187 School Age Division employees effective June 27, 2025. SAC ¶ 22; ECF No. 9 at 2, 8, 10 ¶¶ 3, 29, 38 (admitting same). Plaintiffs allege that Defendant gave no written notice to affected employees, their union, or the required government officials before the terminations, and that the first written notices were not sent until July 7, 2025, at the earliest. SAC ¶¶ 4, 24–28; FAC at 4, 7–8 ¶¶ 16–18, 31, 40; *see* ECF No. 9 at 2, 5 ¶¶ 3, 17–18 (Defendant asserting that its written notices were provided "beginning on July 7, 2025," and that notices to the union and government recipients were sent on July 14, 2025).

Plaintiffs commenced this putative class action on April 27, 2026, asserting claims under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), and the New York State Worker Adjustment and Retraining Notification Act, N.Y. Lab. Law §§ 860 *et seq.* (the "New York WARN Act"). ECF No. 1. Plaintiffs filed the First Amended Complaint on May 19, 2026, asserting the same two claims on behalf of a putative class. FAC at 4, 6–9 ¶¶ 21, 26–42. Defendant answered the First Amended Complaint on July 9, 2026, denying liability and asserting, among other defenses, that employees who accepted positions with Pride suffered no "employment loss." ECF No. 9 at 13–14 ¶¶ 46, 48.

**B. The Scheduling Order**

On August 17, 2026, after the initial case management conference, the Court so ordered the parties' Report of Rule 26(f) Conference and Case Management Plan, with modifications, as the Scheduling Order. ECF No. 19; *see* ECF No. 20 at 1 ¶ 2. The Scheduling Order provides that the "[l]ast date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is October 30, 2026," and that "[a]mendment of pleadings after this date will be permitted only on a showing of 'good cause' under Fed. R. Civ. P. 16(b)(4)." ECF No. 19 at 12 ¶ 8(b). In the same submission, the parties jointly advised the Court that they "do anticipate the potential need to amend the Pleadings." *Id.* ¶ 8(a). The Scheduling Order sets no separate deadline for joining parties. *See id.* ¶ 8.

The Court also phased discovery. Phase I includes "all discovery, including merits discovery," for the named Plaintiffs, as well as discovery concerning Defendant's termination of 187 employees in June 2025 and "their employment transition to Pride Transportation," and it closes on December 18, 2026. ECF No. 20 at 1–2 ¶ 3. The briefing schedules for class certification and summary judgment, the expert discovery schedule, and the trial-ready date are held in abeyance. *Id.* at 2 ¶ 5. On October 21, 2026, the Court so-ordered the parties' Joint Electronic Discovery Submission No. 1, which provides that "[i]f the Court grants leave to add named plaintiffs, the parties will meet and confer about adding them as custodians." ECF No. 27 at 11.

**C. The Pride Offers and the Need for Additional Class Representatives**

After the closure, terminated School Age division employees received offers of employment from Pride, a subsidiary of First Student, Inc. SAC ¶¶ 15, 31–32; ECF No. 9 at 2, 9 ¶¶ 3, 29 (admitting that Pride is "a subsidiary of First Student, Inc." and that all 187 affected employees were offered positions there). Ms. Rosado received a written offer from First Student for a new-hire monitor/aide position, with an anticipated start date of September 1, 2025, more than two months after Defendant ended her employment. SAC ¶¶ 35–37. She accepted. *Id.* ¶ 15;

ECF No. 9 at 4 ¶ 11 (admitting that Ms. Rosado accepted a Pride position). Other Class members, including the Proposed Plaintiffs, declined. SAC ¶¶ 15, 41, 44, 47.

In its Answer, Defendant asserted that both original named Plaintiffs accepted Pride positions "and therefore neither suffered a cognizable employment loss," and that their acceptance renders their interests "antagonistic to or materially different from those of putative class members who did not accept the Pride offer." ECF No. 9 at 7 ¶ 22(c)–(d); *see id.* at 3–4, 13–14 ¶¶ 10–11, 46, 48–49. In the parties' Rule 26(f) report, Defendant went further, stating that it intends to move for summary judgment on the ground that neither named Plaintiff sustained an employment loss, has Article III standing, or can satisfy Rule 23(a)(3) or 23(a)(4). ECF No. 19 at 4. By Defendant's own account, all 187 affected employees were offered Pride positions and 167 accepted, ECF No. 9 at 13 ¶ 46, meaning that roughly twenty Class members, including the Proposed Plaintiffs, did not. To ensure that the Class has representatives whose circumstances match those of Class members who declined Pride's offer, Plaintiffs' counsel identified three such Class members willing to serve as named plaintiffs and proposed class representatives. Before filing this motion, Plaintiffs advised Defendant of the proposed amendment, provided a copy of the SAC, and asked whether Defendant would consent. *See* Mot. ¶ 10. Defendant does not consent. *Id.*

**D. The Proposed Second Amended Complaint**

The SAC adds Carmen Lepin, Veronica Cortes Martinez, and John Vidal as Plaintiffs. SAC ¶¶ 11–13. Each was a full-time school bus driver in the School Age division for many years; each worked at, reported to, and received assignments from the Facility; each was a member of Local 1181; and each was terminated in the June 2025 closure without advance written notice and without severance. *Id.* ¶¶ 11–14, 39–47. Ms. Lepin and Mr. Vidal allege that they never received a written WARN notice at all. *Id.* ¶¶ 40, 46. Each was offered a position with Pride, and each

declined. *Id.* ¶¶ 41, 44, 47. The SAC therefore includes named plaintiffs on both sides of the Pride question: "Plaintiffs . . . include both employees who accepted and employees who declined employment with Pride." *Id.* ¶ 15; *see id.* ¶ 50(c).

The two causes of action are unchanged. *Compare* SAC ¶¶ 53–72, *with* FAC at 6–9 ¶¶ 26–42. The SAC does, however, narrow the Class. The FAC pleaded a "nationwide class" of "[a]ll employees of Defendant who were terminated pursuant to a mass layoff or plant closing" on or within 90 days of June 26, 2025. FAC at 4 ¶ 21; *see id.* at 2 ¶ 9. The SAC limits the Class to persons "employed by Defendant at or reporting to the Facility" whose employment ended during that period without the required advance written notice, asserts both the WARN Act and New York WARN Act claims on behalf of that Class, and reserves the right to propose subclasses of Class members who accepted and who declined Pride's offers. SAC ¶¶ 48–49, 51–52; *compare* FAC at 4–6 ¶¶ 21, 23–25. The narrowed definition answers Defendant's objection that the FAC's class was overbroad and "not limited to the operation or the single site of employment at issue." ECF No. 19 at 5.

The remaining changes add factual detail and conform the pleading to the record, much of it drawn from Defendant's own Answer. The SAC pleads the June 26, 2025 meetings and the timing of Defendant's later notices, SAC ¶¶ 21–29; *see* ECF No. 9 at 2, 5 ¶¶ 3, 16–18; the School Age division's contract with the New York City Department of Education and its separation from Defendant's Pre-K operations, SAC ¶¶ 19–20; *see* ECF No. 9 at 4–6 ¶¶ 15, 19; Defendant's correct address, SAC ¶¶ 2, 16; *see* ECF No. 9 at 4 ¶ 12; Defendant's August 18, 2025 letters regarding unemployment benefits, SAC ¶¶ 31–32; and that the closure was a "plant closing" or, alternatively, a "mass layoff," and that no statutory exception excused Defendant's notice obligations, *id.* ¶¶ 23, 56, 59, 70. The SAC also asserts supplemental jurisdiction over the New York WARN Act claim

and requests pre- and post-judgment interest. *Id.* ¶ 7; *id.*, Prayer for Relief ¶ 8. The redline shows each change. Mot. Ex. B.

## LEGAL STANDARD

After the time to amend as a matter of course has passed, a party may amend its pleading with the opposing party's written consent or the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be denied only for a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182; *accord McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). That "permissive standard is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation omitted). The "non-movant bears the burden of showing prejudice, bad faith[,] and futility of [ ] amendment." *Wood v. Mike Bloomberg 2020, Inc.*, 343 F.R.D. 470, 473 (S.D.N.Y. 2023) (quoting *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F. Supp. 3d 429, 438 (S.D.N.Y. 2021)).

Because the SAC adds parties, Rule 21 is also implicated. That rule provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The "same standard of liberality" applies under Rules 15(a) and 21. *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96–97 (S.D.N.Y. 2010) (quoting *FTD Corp. v. Banker's Tr. Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997)); *accord Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 60 (E.D.N.Y. 2015). Courts in this District routinely apply that standard to motions to add named plaintiffs in putative class actions. *See Duling*, 265 F.R.D. at 96–104; *Wood*, 343 F.R.D. at 473–74.

## ARGUMENT

### I. RULE 15'S LIBERAL STANDARD GOVERNS AND ALLOWS AMENDMENT

This motion is timely, and Rule 15(a) supplies the governing standard. The court should grant leave to amend freely under Rule 15(a)(2), and "[t]he period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021). The Scheduling Order here tracks that framework precisely. It designates October 30, 2026 as the "[l]ast date to amend any pleading pursuant to Fed. R. Civ. P. 15(a)," and it reserves the Rule 16(b)(4) good-cause standard for amendment "after this date." ECF No. 19 at 12 ¶ 8(b). Plaintiffs file this motion, with the proposed SAC attached, on or before that date. Rule 15(a)(2) therefore governs.

Rule 15(a)(2)'s standard is deliberately generous. The Rule directs that "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Supreme Court has instructed that "this mandate is to be heeded." *Foman*, 371 U.S. at 182. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Although the decision rests in the Court's discretion, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* The Second Circuit has accordingly held that leave may be denied only for good reason, such as futility, bad faith, undue delay, or undue prejudice, *McCarthy*, 482 F.3d at 200, and it has identified prejudice to the opposing party as among the "most important" of those reasons, *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (citation omitted). Because Defendant, as the non-movant, bears the burden of establishing a reason to deny leave, *Wood*, 343 F.R.D. at 473, the question is not whether

Plaintiffs can justify the amendment, but whether Defendant can show that justice requires that it be refused.

Defendant cannot make that showing, and the record shows why. *First*, this amendment was anticipated from the start. In their Rule 26(f) report, which the Court so-ordered, the parties jointly advised that they "do anticipate the potential need to amend the Pleadings." ECF No. 19 at 12 ¶ 8(a). The parties' Joint Electronic Discovery Submission, also so-ordered, goes further and already contemplates this very amendment: "[i]f the Court grants leave to add named plaintiffs, the parties will meet and confer about adding them as custodians." ECF No. 27 at 11. An amendment that the parties built into the case-management framework cannot fairly be called a surprise.

*Second*, the amendment responds directly to the defense Defendant has chosen to press. Defendant's central contention, first in its Answer and again in the Rule 26(f) report, is that the current named Plaintiffs accepted positions with Pride and therefore suffered no employment loss, lack standing, and cannot satisfy the typicality and adequacy requirements of Rule 23(a)(3) and (a)(4). ECF No. 9 at 7, 13–14 ¶¶ 22(c)–(d), 46, 48–49; ECF No. 19 at 4. Defendant has also pleaded that each employee's acceptance or declination of Pride's offer will bear on class certification. ECF No. 9 at 6–7, 14 ¶¶ 22(a)–(b), 49. The SAC meets that position head-on by adding representatives who declined Pride's offer, so that the Class's claims can be resolved on their merits rather than on whether the particular employees who happened to file first later accepted a job with a different company. That is the result Rule 15 exists to secure. *See Foman*, 371 U.S. at 182; *Williams*, 659 F.3d at 212–13 (Rule 15's permissive standard reflects the Second Circuit's "strong preference for resolving disputes on the merits").

*Third*, the amendment comes early and fits within the existing schedule. Plaintiffs have never before sought leave to amend. The First Amended Complaint was filed before Defendant answered, ECF Nos. 7, 9, and Defendant answered it rather than moving against it, so there has been no "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. Discovery is still in its first phase. Phase I, which already encompasses "all discovery, including merits discovery," for the named Plaintiffs and discovery concerning Defendant's termination of the 187 employees and "their employment transition to Pride Transportation," remains open until December 18, 2026. ECF No. 20 at 1–2 ¶ 3. The briefing schedules for class certification and summary judgment, the expert discovery schedule, and the trial-ready date are all held in abeyance. *Id.* at 2 ¶ 5. The Proposed Plaintiffs' decisions to decline Pride's offers thus fall within subjects Phase I already reaches, and their individual discovery can proceed within that framework.

Because none of the recognized grounds for denying leave are present, as Part II confirms factor by factor, Rule 15(a)(2) requires leave to be granted.

## II. EVERY FACTOR FAVORS GRANTING LEAVE

### A. Plaintiffs Did Not Unduly Delay

Plaintiffs moved promptly after being contacted by Class members who declined Pride's offer, conferred with Defendant, and filed this motion within the period the Scheduling Order allots. ECF No. 19 at 12 ¶ 8(b). Plaintiffs also flagged the anticipated addition of named plaintiffs in the parties' October 21, 2026 ESI submission. ECF No. 27 at 11. In any event, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

### B. The Amendment Is Sought in Good Faith and for a Legitimate Purpose

Nothing here suggests bad faith or dilatory motive. Plaintiffs seek to add representatives for a single, legitimate reason: so that the Class is represented by plaintiffs whose circumstances reflect those of both groups of Class members, those who accepted Pride's offer and those who declined it. Courts in this District recognize that adding named plaintiffs to answer a potential objection to typicality is a proper basis for amendment. In *Duling*, the plaintiffs moved to add a named plaintiff to meet the defendants' argument that the existing named plaintiffs were atypical; the court held that this was an adequate reason for the timing of the motion and that "the correction of potential deficiencies in the complaint" is a legitimate reason to amend. 265 F.R.D. at 98. The SAC seeks no tactical advantage: it adds no claims or defendants and narrows rather than expands the Class (*compare* SAC ¶¶ 48, 53–72, *with* FAC at 4, 6–9 ¶¶ 21, 26–42), and Plaintiffs do not seek to alter the schedule.

### C. Defendant Will Suffer No Undue Prejudice

In assessing prejudice, courts consider whether the amendment would require the opposing party to expend significant additional resources to conduct discovery and prepare for trial, significantly delay resolution of the dispute, or prevent the plaintiff from bringing a timely action in another jurisdiction. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). None of those concerns is present.

*First*, the SAC requires no significant additional discovery. Liability turns on Defendant's uniform conduct, "one closure, one announcement, and the absence of timely written notice to every Class member," and damages can be calculated from Defendant's own payroll records. SAC ¶ 52. Defendant's records concerning the closure, its notices, and the affected employees are already at the center of this case, and the Proposed Plaintiffs' employment, pay, and termination

records are among them. Defendant's Answer itself recites the original named Plaintiffs' GVC and Pride pay rates and the number of employees who accepted Pride positions. ECF No. 9 at 3–4, 13 ¶¶ 10–11, 46. Indeed, the Court has already ordered that Phase I include discovery concerning Defendant's termination of all 187 employees and "their employment transition to Pride Transportation," ECF No. 20 at 1–2 ¶ 3, and the parties' so-ordered ESI submission already provides for adding new named plaintiffs as custodians if leave is granted, ECF No. 27 at 11. At most, Defendant may seek a limited set of documents from, and depositions of, the Proposed Plaintiffs. But "[t]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989); *accord Wood*, 343 F.R.D. at 473–74 (new document search, deposition of new class representative, and development of a defense specific to that representative did not amount to undue prejudice).

*Second*, the amendment will not delay resolution of this case. Phase I discovery remains open until December 18, 2026, the class certification briefing schedule is held in abeyance (ECF No. 20 at 2 ¶¶ 3, 5), class certification has not been briefed, and Plaintiffs do not request any change to the Scheduling Order. *See Wood*, 343 F.R.D. at 474 (no undue prejudice where motion was filed nearly two months before the close of discovery and before class certification was briefed); *Duling*, 265 F.R.D. at 99–101. Indeed, the amendment should make class certification more efficient, by reducing the opportunity for a dispute over whether a single named plaintiff who accepted Pride's offer can represent Class members who did not.

*Third*, Defendant cannot claim surprise. Since this action was filed, Defendant has known that it faces class claims on behalf of the School Age division employees terminated in the June 2025 closure, and the Proposed Plaintiffs have been putative members of that Class from the outset.

FAC at 2, 4 ¶¶ 3, 5, 21; *see* ECF No. 9 at 6–8 ¶¶ 21–25 (responding to the FAC's class allegations). *See Duling*, 265 F.R.D. at 103 (no unfair surprise where proposed plaintiff "had been a member of the putative class from the beginning of the litigation"). Defendant also knows which former employees accepted or declined Pride's offers; its Human Resources department wrote to affected employees about the Pride positions. SAC ¶¶ 31–32; *see also* ECF No. 9 at 13 ¶ 46 (Defendant pleading that 167 of the 187 affected employees accepted positions with Pride). Adding three Class members as named plaintiffs does not add claims, enlarge the Class, or increase Defendant's potential liability.

**D. The Amendment Is Not Futile**

An amendment is futile only if the proposed claim could not withstand a motion to dismiss under Rule 12(b)(6). *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). The SAC easily clears that bar. It pleads facts supporting each element of the Proposed Plaintiffs' WARN Act claims: that Defendant employed 100 or more employees and is an "employer," SAC ¶¶ 18, 54; ECF No. 9 at 8, 10 ¶¶ 27, 36 (admitting same); that the closure of the School Age division was a "plant closing" or, alternatively, a "mass layoff" resulting in employment losses for at least 50 employees at a single site, SAC ¶¶ 22–23, 56; *see* ECF No. 9 at 2, 8, 10 ¶¶ 3, 29, 38 (admitting that approximately 187 employees were separated); that Defendant gave no written notice to affected employees, their union, or the required government officials before the terminations, SAC ¶¶ 24–28, 58; *see also* FAC at 4, 7–8 ¶¶ 16–18, 31, 40; and that each Plaintiff suffered an "employment loss" and is an "aggrieved employee," SAC ¶¶ 14, 30, 61. *See* 29 U.S.C. §§ 2101(a), 2102(a), 2104(a). It pleads parallel facts under the New York WARN Act, which requires 90 days' written notice. SAC ¶¶ 65–71; N.Y. Lab. Law § 860-b. These are the same claims, arising from the same events, that have been pleaded on behalf of the Class since the outset.

*Compare* SAC ¶¶ 53–72, *with* FAC at 6–9 ¶¶ 26–42. Defendant also admits that it informed School Age division employees of the separations on June 26, 2025. ECF No. 9 at 5 ¶ 16.

Where, as here, the purpose of adding a named plaintiff is to support class treatment, courts ask whether the amendment will enhance the likelihood of class certification, and may limit that inquiry at the pleading stage. *Duling*, 265 F.R.D. at 104–05 & n.6. The SAC does. The Proposed Plaintiffs were terminated in the same closure as every Class member, and their claims rest on the same legal theories. SAC ¶ 50(c). Because the named Plaintiffs will include an employee who accepted Pride's offer and employees who declined it, their claims are typical of Class members in both circumstances. *Id.* ¶¶ 15, 50(c). And if the Court ultimately concludes that the two groups should be treated separately, the named Plaintiffs will be positioned to represent subclasses of each. *Id.* ¶ 49. Whether a later offer from Pride bears on any Class member's recovery is a merits question common to the Class, *id.* ¶ 50(b), not a ground for denying leave to amend. Defendant's contrary view, that individual acceptance or declination of Pride's offer predominates, ECF No. 9 at 7–8 ¶¶ 22(b), 25, is an argument about class certification, not a reason to keep representatives who declined that offer out of the case.

Nor do the Proposed Plaintiffs face any timeliness obstacle. "[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). The limitations period remains tolled for all putative class members until class certification is denied, at which point they may file their own suits or "intervene as plaintiffs in the pending action." *Crown, Cork & Seal Co. v. Parker*, 462

U.S. 345, 353–54 (1983). The Proposed Plaintiffs' claims have thus been tolled since this action was filed.[2]

## III. JOINDER OF THE PROPOSED PLAINTIFFS IS PROPER UNDER RULES 20 AND 21

Joinder of the Proposed Plaintiffs is also proper under Rules 20 and 21. Plaintiffs may be joined in one action if they assert a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The Proposed Plaintiffs' claims arise from the same occurrence as Ms. Rosado's, the June 2025 closure of the School Age division, and present the same questions of law and fact. SAC ¶¶ 21–28, 50(b); *see* ECF No. 9 at 2, 5 ¶¶ 3, 16 (admitting that Defendant informed School Age division employees of the separations on June 26, 2025, and separated approximately 187 of them effective June 27, 2025).

Rule 21 likewise authorizes the Court to "drop a party" "at any time, on just terms." Fed. R. Civ. P. 21. Removing Mr. Roman as a named Plaintiff is a just term by any measure. It narrows the case rather than expanding it; it removes one of the two representatives whose acceptance of Pride's offer Defendant has challenged, ECF No. 9 at 3, 7 ¶¶ 10, 22(c)–(d), and it requires nothing new of Defendant. Further, Mr. Roman will remain a putative Class member.

Granting the motion also serves efficiency. If leave were denied, the Proposed Plaintiffs' claims would not "evaporate"; they would remain live as Class claims and could be pursued through intervention or a separate action, multiplying proceedings arising from the same closure. *See Duling*, 265 F.R.D. at 101; *Crown, Cork*, 462 U.S. at 353–54.

[2] Plaintiffs do not ask the Court to decide now whether the SAC relates back under Rule 15(c), because nothing turns on it at this stage: under *American Pipe*, the Proposed Plaintiffs' claims have been tolled since this action was filed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion; grant leave to file the Second Amended Class Action Complaint in the form filed as Exhibit A to the Motion within three days of the Court's order; add Carmen Lepin, Veronica Cortes Martinez, and John Vidal as named Plaintiffs; drop Miguel Roman as a named Plaintiff; direct the Clerk of Court to amend the caption accordingly; and grant such other relief as the Court deems just and proper.

Dated: October 30, 2026

Respectfully submitted,

*/s/ J. Gerard Stranch, IV*

Gregory S. Mullens (NY Registration No. 5199716)
J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Mariah S. England (*pro hac vice*)
**STRANCH JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
(615) 254-8801
gstranch@stranchlaw.com
gmullens@stranchlaw.com
mengland@stranchlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c) and Section III.B of the Court's Individual Practices in Civil Cases, I certify that this memorandum of law contains 5311 words, exclusive of the caption, table of contents, table of authorities, signature block, and this certificate, as counted by the word-processing program used to prepare it, and therefore complies with the 8,750-word limit.

Dated: October 30, 2026

Respectfully submitted,

*<u>/s/ J. Gerard Stranch, IV</u>*___________
J. Gerard Stranch, IV

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2026, I caused the foregoing Motion to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Christopher Smith
**Trivella & Forte, LLP**
1311 Mamaroneck Avenue, Suite 170
White Plains
New York 10605
chris@tfsllp.com

*Attorneys for Defendant GVC Ltd.*

*<u>/s/ J. Gerard Stranch, IV</u>*___________
J. Gerard Stranch, IV